# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

OCALA BREEDERS' SALES COMPANY, INC., a Florida corporation,

    Plaintiff,

vs.

JOHN C. GREEN, WELLBOURNE THOROUGHBRED INVESTMENTS, LLC, a foreign corporation, GREEN ACQUISITION CORPORATION – GULF COAST, a foreign corporation, WHITE STAG AIRCRAFT LEASING (US), LLC, a foreign limited liability company, WELLBOURNE THOROUGHBRED INVESTMENTS, LP, a foreign limited partnership, and WELLBOURNE FARMS (SE), LLC, a foreign limited liability company,

    Defendants.
_____/

CASE NO: _____

(Formerly Fifth Judicial Circuit, in and for Marion County, Florida, Circuit Court Case No. 2024-CA-001443)

**DEFENDANTS, WELLBOURNE THOROUGHBRED INVESTMENTS, LP, WELLBOURNE FARMS (SE) LLC, GREEN ACQUISITION CORPORATION – GULF COAST NOTICE OF REMOVAL**

Defendants, WELLBOURNE THOROUGHBRED INVESTMENTS, LP, WELLBOURNE FARMS (SE) LLC, and GREEN ACQUISITION CORPORATION – GULF COAST ("Removing Defendants"), hereby remove the action currently pending in the Circuit Court of the Fifth Judicial Circuit in and for

Marion County, Florida, Case No. 2024-CA-001443 (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446. The Removing Defendants hereby provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

### A.   BACKGROUND & CONDITIONS OF REMOVAL

1. Ocala Breeders' Sales Company, Inc. ("Plaintiff") filed its original Complaint on July 31, 2024, in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Case No. 2024-CA-001443 against the aforementioned Removing Defendants and defendants John C. Green and Wellbourne Thoroughbred Investments, LLC. An Amended Complaint was filed on August 27, 2024.

2. On March 4, 2025, the Removing Defendants acknowledged receipt of a copy of the Amended Complaint and waived formal service of process and accepted service of process to the same degree as if Amended Complaint had been served by the Sheriff's Office or other certified process server duly authorized by law. A true and correct copy of all pleadings, papers, and motions that have been filed in the State Court Action are attached hereto and incorporated herein as **Composite Exhibit "A"**,

3. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Fifth Judicial Circuit in and for Marion

County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of the Removing Defendants' Notice of Filing of Acceptance of Service of the Amended Complaint and Waiver of Formal Service of Process; and (c) as shown below, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this matter is between citizens of different States, the amount in controversy exceeds $75,000.00, and none of the Removing Defendants and defendants John C. Green and Wellbourne Thoroughbred Investments, LLC are citizens of the State of Florida.

4. The Removing Defendants have not yet filed responsive pleadings in the State Court Action. As stated above, in removing this action, the Removing Defendants do not intend to waive any rights or defenses to which they are otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13. The Removing Defendants further reserve the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

5. This action is not a non-removable action as described under 28 U.S.C. § 1445.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, shall promptly be served upon the Plaintiff and filed with the Clerk of the Circuit Court of the Fifth

Judicial Circuit in and for Marion County, Florida after the filing the instant Notice of Removal.

## B. THE COMPLAINT

7. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states. Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff, and all named defendants.

8. Plaintiff's Amended Complaint seeks damages against all named defendants arising out of transactions related to the sale of equine thoroughbreds.

### Amount in Controversy

9. While the Removing Defendants strongly dispute that the Plaintiff is entitled to any damages, the amount in controversy exceeds $75,000.00. The Amended Complaint in the State Court Case contains a jurisdictional allegation that the damages "are in excess of $50,000.00." *See* Am. Compl., ¶ 1. Thus, removal is proper if the Removing Defendants prove, by a preponderance of the evidence, the amount in dispute exceeds $75,000.00. *See Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)). However, "a removing

defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

10. In paragraph 6 of the Amended Complaint, Plaintiff states "[t]hat the Defendants, Green and Wellbourne, breached the terms and conditions of the Acknowledgment of Purchase and Security Agreement by failing to pay when due the total sum of $465,000 as of Aril 24, 2024, plus costs of Thoroughbred Aftercare Alliance (TAA) in the amount of $232.50." *See* Am. Compl., ¶ 6. Plaintiff further states in Paragraph 7 of the Amended Complaint "[t]hat there presently is due and owing to OBS the sum of $480,596.61, which includes the purchase price, plus costs of Thoroughbred Aftercare Alliance (TAA), and interest at the rate of 1.5% per month from April 24, 2024, through June 30, 2024, and continues thereafter." *Id*. at ¶ 7.

11. Accordingly, at a minimum, the amount of controversy is $480,596.61 based on the allegations stated in the Amended Complaint, and thus the amount in controversy at issue clearly exceeds $75,000 and thus meets the amount in controversy threshold under 28 U.S.C. § 1332.

## **Complete Diversity of Citizenship**

12. The parties to this action are citizens of different states and were so at the time the State Court Action was filed.

13. Plaintiff alleges that it is a "Florida corporation." *See* Am. Compl., ¶ 2. Further, Plaintiff's principal place of business is in Florida. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State where it has its principal place of business." Accordingly, Plaintiff is only a citizen of the State of Florida.

14. Defendant John C. Green is a citizen of South Carolina. A person is considered a citizen of a state if that person is domiciled within that state. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989). Factors frequently taken into account when determining one's domicile include: the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes, etc. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-1342 (11th Cir. 2011); *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247 (11th Cir. 2005); *McCormick v. Aderholt*, 293 F.3d 1254 (11th Cir. 2002). The aforementioned

factors show that Defendant John C. Green is a citizen of the State of South Carolina as South Carolina is where his fixed home and principal establishment is located.

15. While the Plaintiff has named an entity called "Wellbourne Thoroughbred Investments LLC" as a defendant in this action, no entity with such a name actually exists and thus this entity should not be taken into consideration when determining the citizenship of the named defendants. Regardless, the Plaintiff does state that this nonexistent entity is a "foreign corporation." *See* Am. Compl., at p. 1. Thus, if taking Plaintiff's allegation as to the foreign nature of this nonexistent entity as true, then there is diversity between the nonexistent Wellbourne Thoroughbred Investments LLC and Plaintiff.

16. Defendant Green Acquisition Corp - Gulf Coast is a Delaware corporation with its principal place of business located in Ohio.

17. White Stag Aircraft Leasing LLC is a limited liability company formed under the laws of the state of Delaware. The citizenship of an unincorporated association such as a limited liability company is determined by the citizenship of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Here, no member of White Stag Aircraft Leasing LLC is a citizen of Florida.

18. Defendant Wellbourne Thoroughbred Investments LP is a limited partnership formed under the laws of South Carolina. The citizenship of an

unincorporated association such as a limited partnership is determined by the citizenship of each of its members. *Cherry Group, LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, 2014 WL 2801076 (M.D. Fla. 2014). Here, no member of Wellbourne Thoroughbred Investments LP is a citizen of Florida.

19. Defendant Wellbourne Farms SE LLC is a limited liability company formed under the laws of the state of South Carolina. Here, no member of Wellbourne Farms SE LLC is a citizen of Florida.

20. Thus, because Plaintiff is a citizen of Florida, and none of the named defendants are citizens of Florida, there is complete diversity of citizenship between the parties.

21. All Defendants who have been properly joined and served, have consented to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## C.   CONCLUSION

16. Removal of this case is timely and appropriate as the Removing Defendants have filed this Notice of Removal within 30 days of their filing in the State Court Action of their acknowledgment of receipt of a copy of the Amended Complaint and waiver of formal service of process and acceptance of service of process to the same degree as if the Amended Complaint had been served by the Sheriff's Office or other certified process server duly authorized by law. This civil action is between citizens of different states, and the amount in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs. All Defendants who have been properly joined and served, have consented to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A). Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, the State Court Action is hereby removed to this Court from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

DATED March 4, 2025

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300E
West Palm Beach, FL 33401
(561) 650-7900 Phone
(561) 655-6222 Fax

*s/ Tyrone A. Adras*
**Michael A. Nicodema, Esq.**
Florida Bar No. 1036000
nicodemam@gtlaw.com
chalkleyt@gtlaw.com
WPBLitDock@gtlaw.com
**Tyrone A. Adras, Esq.**
Florida Bar No. 107294
adrast@gtlaw.com
flservice@gtlaw.com
WPBLitDock@gtlaw.com