UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OCALA BREEDERS' SALES
COMPANY INC.,

     **Plaintiff,**

v.                                                    Case No.: 5:25-cv-148-JSM-PRL

JOHN C. GREEN, WELLBOURNE
THOROUGHBRED INVESTMENTS,
LLC, GREEN ACQUISITION
CORPORATION – GULF COAST,
WHITE STAG AIRCRAFT LEASING
(US) LLC, WELLBOURNE
THOROUGHBRED INVESTMENTS,
LP, WELLBOURNE FARMS (SE),
LLC, and GREEN ACQUISITION
CORPORATION,

     **Defendants.**

_____/

**ORDER**

This cause comes before the Court on Plaintiff's Second Amended Motion for Partial Default Final Judgment. (Doc. 68). Previously, the Court denied Plaintiff's initial motion for default judgment because Plaintiff failed to include a memorandum of law. (Doc. 64). The Court advised that if Plaintiff is seeking any damages against Defendants, the amended motion shall explain them in detail and demonstrate how they are supported in the record. (*Id.*). Plaintiff then filed an amended motion for default judgment (Doc. 65), which the Court also denied without prejudice (Doc. 66). The Court explained that:

> The Court previously instructed Plaintiff to include a Memorandum of Law in support of its prior Motion for Default Judgment. The instant Amended Motion is woefully insufficient. While it now includes a purported Memorandum of Law, there is no analysis of the legal claims against each Defendant and how the elements of these claims are met in the operative

Complaint. Indeed, the Amended Motion contains no analysis, no caselaw, and no citations to the operative Complaint. Any future motion for a default judgment must include a meaningful memorandum of law that explains the elements of the legal claims as they apply to each Defendant and also explains the amount of damages with respect to each Defendant.

(Doc. 66).

Plaintiff now files its second amended motion for partial default judgment. (Doc. 68). Despite this clear direction from the Court, Plaintiff's newest motion remains deficient.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment. *See* Fed. R. Civ. P. 55(a), (b). First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. *See* Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (per curiam) (citing *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted

facts are sufficient to establish liability, the court must then determine the appropriate damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206.

Here, the operative pleading is the Third Amended Complaint. (Doc. 40). In Count I, Plaintiff asserts a claim for breach of contract against Defendants John C. Green, Wellbourne Thoroughbred Investments, LLC, and Green Acquisition Corporation. (*See id*. at pp. 3-5). In Count II, Plaintiff asserts a claim for fraud against Defendants John C. Green, Wellbourne Thoroughbred Investments, LLC, and Green Acquisition Corporation. (*See id*. at pp. 6-7). Then, in Count III, Plaintiff asserts claims for fraudulent transfers against all Defendants arising out of unspecified fraudulent transfers of title. (*See id*. at pp. 7-8).

At the most fundamental level, it is not clear from Plaintiff's second amended motion if it is moving for default judgment as to all three counts of the Third Amended Complaint. Moreover, other than providing a recitation of the general law surrounding default judgment, Plaintiff fails to provide any analysis of the legal claims against each Defendant and how the elements of these claims are met in the operative complaint. This most recent motion—just like the earlier versions—contains no analysis and no citation to the operative complaint.

For example, and most concerning, in Count I, Plaintiff seeks to hold Defendants John C. Green, Wellbourne Thoroughbred Investments, LLC, and Green Acquisition Corporation liable for breach of contract. (*See id*. at pp. 3-5). The subject contracts (which are attached to the Third Amended Complaint as Composite Exhibit A) are three Acknowledgments of Purchase and Security Agreements between Wellbourne Thoroughbred Investments, LLC and Ocala Breeders' Sales Co. for the purchase of thoroughbred horses. (*See* Doc. 40-1). Plaintiff fails to offer any legal analysis as to why John C. Green, who signed the contract as "Manager" of Wellbourne Thoroughbred Investments, LLC, is personally liable under the

contract. Likewise, Plaintiff offers no legal support for its position that Green Acquisition Corporation is bound by the contracts because Wellbourne's address is listed on the contracts as "515 North Flagler Drive, Suite 350, West Palm Beach, Florida 33401 'care of Green Acquisition Corp.'"

Accordingly, Plaintiff's Second Amended Motion for Partial Default Final Judgment (Doc. 68) is **DENIED without prejudice**. **Any future motion filed by Plaintiff shall clearly state for which counts it is seeking default judgment. Moreover, Plaintiff must clearly explain—with citation to case law—how the elements for each count are met by the allegations in the Third Amended Complaint (Doc. 40) and why each of the named Defendants should be held liable. In addition, Plaintiff must clearly explain the amount of damages it is seeking as to each Defendant.**

**DONE** and **ORDERED** in Ocala, Florida on July 17, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party