**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**OCALA BREEDERS' SALES COMPANY INC.,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00148-JSM-PRL**

**JOHN C. GREEN, et al.,**

**Defendants.**
______________________________________/

**ORDER**

Pending before the Court is Plaintiff's third amended motion for partial default judgment and request for an evidentiary hearing. (Doc. 70). After this motion was filed, the Court received a response to Plaintiff's second amended motion for default judgment from Defendant John C. Green ("Defendant Green"), proceeding pro se. (Doc. 73).[1] Defendant Green confirms that this response was filed solely on his own behalf and not on behalf of any of the corporate Defendants. (Doc. 73 at 1-2). In his response, Defendant Green requests affirmative relief, including that the Court set aside the default entered against him and grant an additional 60 days to conduct discovery. (*Id.* at 4). The Court shall therefore construe the response as a motion to set aside the default.

## I. BACKGROUND

This case was removed from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, in March 2025. (Doc. 1). As relevant here, on August 25, 2025,

[1] Defendant Green filed two responses which appear to be identical. (Docs. 73 and 74). For the purposes of this order the Court will refer to Doc. 73.

counsel for Defendants at that time was permitted to withdraw, and Defendant Green was ordered to either hire new counsel within 60 days or file a notice with the court that he wished to proceed pro se. (Doc. 44 at 2). In this order, the Court directed the Clerk to update Defendant Green's record address to 515 North Flagler Drive, West Palm Beach, Florida, 33401. (*Id.*). Counsel provided this address in their motion to withdraw as the location to which case documents should be sent in the event that replacement counsel was not retained. (Doc. 43 ¶ 4). The docket shows that Defendant Green did not raise any objection to that address. Further, underlying state court records include the following address for Defendant Green: 515 N. Flagler Drive, Suite 350, West Palm Beach, Florida, 33401. (Doc. 7-18 at 2). Defendant Green provided this address as a forwarding address in a document giving his consent to the withdrawal of counsel in the state court case. (*Id.*).[2]

Thereafter, Defendant Green and the other defendants hired new counsel and continued to participate in the litigation. (Doc. 45). In February 2026, this counsel also requested to withdraw, informing the Court that Defendants consented to the withdrawal and that substitute counsel would be taking over the representation. (Doc. 55 ¶¶ 3, 7). The Court granted the withdrawal and directed Defendants' purported replacement counsel to enter an appearance. (Doc. 56). Withdrawing counsel was also ordered to provide Defendants with a copy of this order. (Doc. 56 at 2).

On April 17, 2026, this Court ordered Defendants to show cause as to why substitute counsel had failed to appear. (Doc. 59). Again, the Court directed the Clerk to mail a copy to

[2] The suite number from this address was not included in the later motion to withdraw or subsequent court orders. (Doc. 43 ¶ 4); (Doc. 59 at 2).

Defendant Green at 515 North Flagler Drive, West Palm Beach, Florida, 33401. (Doc. 59 at 2).

On April 28, 2026, Defendants' purported replacement counsel filed a response informing the Court that Defendant Green did not retain him in this matter. (Doc. 60). On May 11, 2026, the Court entered default against Defendant Green and the other Defendants and directed Plaintiff to file a motion for default judgment. (Doc. 62). Plaintiff initially moved for default judgment on May 13, 2026. (Doc. 63). The Court denied this initial motion without prejudice. (Doc. 64). Plaintiff subsequently filed second and third amended motions for default judgment on June 16, 2026, and August 6, 2026, respectively. (Docs. 68 and 70).

The docket reflects that papers sent to Defendant Green at the 515 North Flagler Drive address were returned in two instances. (Docs. 61, 66).[3] However, Defendant Green failed to provide the Court with different contact information and took no steps to provide the Court with a different address after counsel initially provided the 515 North Flagler Drive address in August 2025. (Doc. 43 ¶ 4).

On August 17th, 2026, Defendant Green filed a response to Plaintiff's second amended motion for default judgment. (Doc. 73). This response was received after the Court entered an order denying the second amended motion without prejudice. (Doc. 62). In his filings, Defendant Green argues that he did not receive proper service or notice because Plaintiff's counsel sent the relevant documents to an improper address. (Doc. 73 at 2).[4] Defendant Green contends that his only proper address for service is in Delaware and he "has at no time acknowledged any other address as an authorized address for service of notice,

[3] In the second instance in which mail was returned, a copy of the order was emailed to the email on file for Defendant Green on June 8, 2026. (Doc. 66).

[4] Plaintiff's proposed partial default judgment order attached to its second amended motion includes the 515 North Flagler Drive address, including the suite number. (Doc. 68-1 at 2).

motions, or correspondence in this action." (Doc. 73 at 2).[5] Defendant Green asks the Court to set aside any default entered against him, deny Plaintiff's second amended motion for partial default judgment, and extend the discovery period. (Doc. 73 at 4).

## II. DISCUSSION

There is no question that Defendant Green was aware of this case's existence. This case was initially filed in state court in July 2024, and the parties have been litigating in federal court since March 2025. (Doc. 1). Defendants, including Defendant Green, have retained counsel multiple times. *See, e.g.*, (Docs. 44 and 45). Further, Defendant Green was aware that he would become pro se after the most recent withdrawal of counsel. Withdrawing counsel represented that Defendant Green consented to the withdrawal and that substitute counsel would be taking over the case, and the Court ordered withdrawing counsel to provide a copy of the order granting withdrawal to Defendant Green. (Doc. 55 ¶¶ 3, 7); (Doc. 56). However, Defendant Green did not actually retain the purported replacement counsel, and his recent filings are pro se. (Docs. 60, 73).[6] Accordingly, the record reflects that Defendant Green has been aware of the withdrawal of counsel since February 2026, yet he failed to take any action until his recent filings. (Doc. 73). Therefore, the Court found him in default in May 2026. (Doc. 62 at 2).

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). What constitutes good cause may vary depending on the surrounding circumstances. *Compania*

---

[5] Defendant Green's recent filings were mailed from a different return address, also from West Palm Beach. (Docs. 73 and 74).

[6] Here, as Defendant Green is now proceeding pro se, the Court must construe his filings liberally. *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) (citing *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022)). However, pro se defendants remain subject to procedural rules. *Id.* (citing *Roy*, 53 F.4th at 1346).

*Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).

In determining whether to set aside a default, "three elements are key: (1) 'whether the default was culpable or willful,' (2) 'whether the defaulting party presents a meritorious defense,' and (3) 'whether setting [the default] aside would prejudice the adversary.'" *Cap. City Home Loans LLC v. Darnell*, No. 23-12066, 2024 WL 4534567, at *4 (11th Cir. Oct. 21, 2024) (per curiam) (quoting *Compania Interamericana*, 88 F.3d at 951). However, "these factors are not 'talismanic,' and . . . courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951.

A default may be considered willful "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance." *Id.* at 952. However, "if a 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.'" *Doe v. Wantong International, Inc.*, No: 6:25-cv-179-PGB-DCI, 2026 WL 2469538, at *1 (M.D. Fla. Aug. 24, 2026) (quoting *Compania Interamericana*, 88 F.3d at 951-52); *see also Cap. City Home Loans*, 2024 WL 4534567, at *4 (finding that the defendant demonstrated "an intentional or reckless disregard for the judicial proceedings" when she "received and responded to substantial communications from opposing counsel, demonstrating at least constructive knowledge of the suit," but failed to "take proper steps to address" it); *Global Aerospace, Inc. v. Platinum Jet Management, LLC*, No. 09-60756-CIV, 2010 WL 331905, at *6 (S.D. Fla. Jan. 28, 2010) (denying motion to set aside clerk's default and finding that the defendant's conduct was at

least reckless when the defendant "was on notice of [the] case and knowingly chose not to defend itself for six months").

Here, given Defendant Green's knowledge of the case, his complete absence for a six-month period demonstrates "an intentional or reckless disregard for the judicial proceedings." *Doe*, 2026 WL 2469538, at *1 (quoting *Compania Interamericana*, 88 F.3d at 951-52); *see also Global Aerospace*, 2010 WL 331905, at *6 (declining to set aside default when the defendant was aware of the case but "knowingly chose not to defend itself for six months").

Nevertheless, Defendant Green contends that his failure to respond should be excused by Plaintiff's use of the incorrect address, which led to his lack of notice of filings in this action. (Doc. 73 at 2). This argument is unpersuasive. Lack of notice of events in a case due to a party's failure to provide updated address information to the court does not excuse noncompliance with a court order, even if the party is appearing pro se. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (holding that the trial court did not abuse its discretion in declining to grant the plaintiff relief from the judgment because the plaintiff's "lack of notice was due to his failure to notify the court . . . that his mailing address had changed").

Here, after prior counsel provided Defendant Green's address to the Court as: 515 North Flagler Drive, West Palm Beach, Florida, 33401 in August 2025 (Doc. 43 ¶ 4), Defendant Green never made any objection to this address or provided the Court with any notice of a different address until his filings in August 2026. (Doc. 73 at 2). Any inaccurate information with respect to Defendant Green's address does not excuse his six-month absence from this case and failure to respond to filings from Plaintiff and orders from the Court, which led to the entry of the default. *Gilbert*, 725 F. App'x at 792; *see also* (Docs. 59, 62).

Defendant Green has failed to demonstrate good cause to set aside the default. To the contrary, the Court finds that his conduct amounts to "an intentional or reckless disregard for the judicial proceedings." *Doe*, 2026 WL 2469538, at *1 (quoting *Compania Interamericana*, 88 F.3d at 951-52). Therefore, the Court need not consider the remaining factors related to good cause. *Id.* (citing *Compania Interamericana*, 88 F.3d at 951-52).

## III. CONCLUSION

Defendant Green's motion to set aside the default is due to be **DENIED**. However, Defendant Green may still contest damages. *See Mainsail Dev., LLC v. Rusco Invs., Inc.*, No. 8:11–cv–45–T–33AEP, 2012 WL 3562029, at *3 (M.D. Fla. Aug. 17, 2012) ("Although in default, a defendant is still entitled to contest the amount of damages before the Court enters a judgment by default." (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 n.5 (11th Cir. 2007))).

This leaves pending Plaintiff's third amended motion for default judgment. (Doc. 70). Plaintiff's counsel has requested an evidentiary hearing to establish damages arising from "late fees, board, care and training for the subject horses at issue," as well as "the amount of any credit attributable to the resale of the horses." (Doc. 70 ¶¶ 71-73). However, the Court believes that these amounts can be established through affidavits and other written information supplied to the Court.[7]

Therefore, Plaintiff shall provide information establishing its unliquidated damages within **14 days** of the date of this order. Plaintiff shall serve this information on Defendant

[7] The Court understands that some of these damages may continue to accrue as the case continues. However, to the extent it is able to do so, Plaintiff shall provide a basis for calculating these damages, for example via establishing a daily or weekly rate for "late fees, board, care and training." (Doc. 70 ¶¶ 72-73). Plaintiff shall also provide any available information to establish the basis for "credit attributable to the resale of the horses." (*Id.* ¶ 73).

Green, along with a copy of the third amended motion for default judgment. Defendant Green shall be served via certified mail at the address provided in his recent filing: **300 Delaware Ave, Suite 210, Wilmington, Delaware 19801**.

Defendant Green shall have **21 days** from the date of service to respond to the third amended motion for default judgment and the information provided to support the calculation of damages. The Court will consider these documents and set an evidentiary hearing if necessary.

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party